Oxford Board of School Directors (Dr. Jason Dreibelbis), Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

442

Argued April 6, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Warren K. Samples,* for appellant.

*Forest N. Myers,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, for Pennsylvania Labor Relations Board.

*Joseph R. Colton,* with him *John D. Killian; Thomas P. Hamilton, Jr.; Richard, Brian, DiSanti & Hamilton;* and, of counsel, *Anthony D. Newman* and *Killian & Gephart,* for Oxford Area Education Association.

*Michael I. Levin,* with him *William Fearen,* and *Cleckner & Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE KRAMER, August 17, 1977:

This is an appeal by the Oxford Board of School Directors (Appellant) of an order of the Court of Common Pleas of Chester County, dated April 11, 1976. The order affirms a determination of the Pennsylvania Labor Relations Board (P.L.R.B.) that a grievance, initiated by the Oxford Area Education Association on the behalf of five teachers given unsatisfactory ratings, must be resolved by arbitration. We affirm.

On June 14, 1974, the final day of the 1973-74 school year, eight teachers of the Oxford Area School District were engaged in a year-end celebration in the faculty room. It was learned by the school's administration that wine was one of the beverages served at this celebration. This discovery resulted in the participating teachers receiving formal letters of reprimand as well as unsatisfactory ratings for the second semester of the '73-'74 school year.

Upon receipt of these letters and notice of the unfavorable ratings, five of the eight teachers met informally with the principal to discuss the actions taken by the administration in response to the incident. Subsequent to this meeting, the Association filed a written grievance on the behalf of the teachers, pursuant to the grievance procedure found in the collective bargaining

agreement between the parties. Following continued dissatisfaction concerning the disposition of the unsatisfactory ratings received by the teachers, the Association submitted a list of arbitrators to the Appellant for the purpose of resolving the dispute by arbitration. The Appellant, however, refused to participate in the selection of an arbitrator contending that the dispute was not arbitrable.

Appellant's position prompted the Association into filing an unfair labor practice charge with the P.L.R.B. The P.L.R.B. determined that the dispute over the unsatisfactory ratings received by the teachers was arbitrable. The lower court affirmed this decision and Appellant brought this appeal.

There are two vehicles which require arbitration of a dispute between Appellant and an employe. Arbitration is statutorily compelled under Section 903 of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903, for disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement. In addition, Article III of the collective bargaining agreement between the parties sets forth a grievance procedure which culminates in binding arbitration. A grievance is defined under Section 3.01 of the agreement as "a personal loss or injury claimed by an employe or group of employes for a violation, misinterpretation, or inequitable application of the provisions of the collective bargaining agreement, or established practice involving the items negotiated in the contract governing or affecting the employes covered by this agreement."

The argument advanced by Appellant is that the dispute at issue does not arise from any provision of the agreement between the parties; therefore arbitration is not required under either Section 903 or Article

III of the collective bargaining agreement. In determining the legitimacy of this argument, we follow the standard that "an order enjoining arbitration of a particular grievance should not be granted unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that would include the dispute at issue." *Lincoln University v. Lincoln University Chapter, Ass'n of University Professors,* 467 Pa. 112, 354 A.2d 576, 581 (1976). The question we must focus upon therefore is whether there is involved a dispute between the parties which *arguably* involves an interpretation or violation of one of the provisions of the collective bargaining agreement.

The resolution of this question centers on Section 7.01 of the collective bargaining agreement. This section provides that "[n]o bargaining unit member shall be disciplined, reduced in rank or compensation without just cause." The Association contends that the unsatisfactory ratings at issue are discipline. A refusal to determine whether just cause existed to give the ratings at issue is therefore arbitrable as a violation of this section. Appellant advances the contrary argument contending that it is its statutory duty to give ratings to teachers. Therefore to deem ratings discipline and allow arbitration on the matter would be to wrongfully usurp its statutory obligation.

Appellant's argument that arbitration is prohibited because its statutory duty cannot be usurped is unsound. It is not inconsistent with or in conflict with a statutory directive to provide for the arbitration of grievances founded upon unsatisfactory ratings. *Milberry v. Board of Education,* 467 Pa. 79, 354 A.2d 559, 561 (1976). In addition, discipline is defined as "training that is expected to produce a specified character or pattern of behavior, especially that which is expected

to produce moral or mental improvement."[1] The purpose of unsatisfactory ratings has been described as "primarily for the improvement of the teacher and the resulting improvement in education"[2] and "to stimulate improvement in the general level of teaching by drawing attention to existing deficiencies."[3] As noted we only need decide whether the unsatisfactory ratings at issue are susceptible to an interpretation of being within the purview of Section 7.03. We must conclude from the above that the term "discipline" in Section 7.03 may well include the unsatisfactory ratings at issue within its scope.

In light of this determination, the very existence of the dispute at issue indicates that arbitration is proper. Section 903 of the Public Employee Relations Act mandates that the dispute be arbitrated because it involves an interpretation of a provision in a collective bargaining agreement. Additionally, the grievance procedure in the collective bargaining agreement also requires arbitration of the dispute because involved is a misinterpretation or violation of one of the provisions of the agreement.

The order of the lower court is affirmed.

This opinion was prepared by Judge KRAMER prior to his death and it is adopted as the opinion of the Court.

ORDER

AND Now, this 17th day of August, 1977, the order of the Court of Common Pleas of Chester County at No. 161 Misc. 1976 is hereby affirmed.

---

[1] The American Heritage Dictionary of the English Language 375 (1975).

[2] Appeal of Tucci, Opinion No. 177 (1968) ; Vol. I, S. Francis, Pennsylvania School Law, P. 332.

[3] *Mulhollen Appeal*, 155 Pa. Superior Ct. 587, 39 A.2d 283 (1944).

DISSENTING OPINION BY JUDGE MENCER, August 17, 1977:

I respectfully dissent. First: I do not consider an unsatisfactory rating to be an act of discipline. Second: I continue to hold to the view that the question of whether parties to a collective bargaining agreement must arbitrate and what issues they must arbitrate must be initially determined by a court, not the Pennsylvania Labor Relations Board, on the basis of the contract entered into by the parties. *See Ass'n of Pennsylvania State College & University Faculties v. Commonwealth*, 30 Pa. Commonwealth Ct. 403, 373 A.2d 1175 (1977) (MENCER, J., dissenting). *Compare Lincoln University v. Lincoln University Chapter, Ass'n of University Professors*, 467 Pa. 112, 354 A.2d 576 (1976); *Milberry v. Board of Education*, 467 Pa. 79, 354 A.2d 559 (1976); *and Board of Education v. Philadelphia Teachers Local 3*, 464 Pa. 92, 346 A.2d 35 (1975).