Shippensburg Area Education Association, Elnor L. Cooper and Lynn T. Eggleston, Appellants *v.* Shippensburg Area School District, Appellee.

Argued March 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and MACPHAIL. Judges DI-SALLE and CRAIG did not participate.

*Robert W. Barton,* with him *Killian & Gephart,* for appellants.

*William R. Mark*, with him *Mark and Weigle*, for appellee.

OPINION BY JUDGE BLATT, April 20, 1979:

The Shippensburg Area Education Association (Association), Elnor L. Cooper and Lynn T. Eggleston (collectively, the appellants) appeal from an order of the Court of Common Pleas of Cumberland County which denied their motion for Summary Judgment and entered Summary Judgment in favor of the Shippensburg Area School District (District), thereby invalidating an arbitration award decided in favor of the appellants.

The dispute which led to the filing of a grievance by the appellants concerns the proper placement of part-time teachers on the District's salary scale. Prior to the 1974-75 school year the District had a practice of advancing part-time teachers one full step on the salary scale for each year that they taught, paying them one-half of the salary indicated at each step. In the summer of 1974, the District discontinued this practice and instituted a policy of advancing part-time teachers one-half step on the salary scale. The appellants, who were part-time teachers and who were members of the Association, filed a grievance which was dismissed by the District. They then attempted to force the matter to arbitration pursuant to the terms of the collective bargaining agreement between the Association and the District. In response, the District filed a complaint with the Pennsylvania Labor Relations Board (PLRB) alleging an unfair labor practice by the Association in attempting to force arbitration. The Association then filed a counterclaim against the District, also alleging an unfair labor practice. The PLRB found in favor of the Association and ordered the matter to arbitration. The District's appeal to the Court of Common Pleas from the PLRB

decision was dismissed. Subsequently, the arbitrator determined that the dispute was arbitrable and found in favor of the part-time teachers, the appellants here. The District filed a petition for review which the court below granted, holding that the arbitrator's award was based on an erroneous interpretation of the collective bargaining agreement, and that court then entered Summary Judgment in favor of the District. This appeal followed.

This Court's scope of review of an arbitrator's award is defined in Section 10 and 11 of the Act of April 25, 1927; P.L. 381, *as amended*, 5 P.S. §§170, 171, and if, in resolving the dispute between the contracting parties, the arbitrator has had to determine the intention of the parties, as evidenced by their collective bargaining agreement and the circumstances surrounding its execution, Section 11(d) establishes a scope of review similar to the ''essence test'' recognized in the federal courts. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 592-94, 375 A.2d 1267, 1275 (1977). Under this test, the arbitrator's interpretation must be upheld if it ''can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention.'' *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd Cir. 1969). An arbitrator's interpretation of clauses of a collective bargaining agreement defining those matters to be submitted to arbitration involves a factual determination of the parties' intention and must be reviewed with reference to the ''essence test.'' *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 32 n.7, 381 A. 2d 849, 851 n.7 (1977) (hereafter referred to as *County of Allegheny*). The District argues here (1) that the grievance was not arbitrable, and (2) that the ar-

bitrator's award did not draw its essence from the agreement.

The arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is statutorily compelled by Section 903 of the Public Employe Relations Act,[1] 43 P.S. §1101.903. Judicial inquiry into the arbitrability of a grievance is limited to a determination of (1) whether or not the parties entered into an agreement to arbitrate and (2) whether or not the dispute falls within the arbitration clause. *Lincoln University v. Lincoln University Chapter,* 467 Pa. 112, 119, 354 A.2d 576, 580 (1976); *North Star School District v. Pennsylvania Labor Relations Board,* 35 Pa. Commonwealth Ct. 429, 433, 386 A.2d 1059, 1061 (1978). The agreement concerned here establishes a four-step grievance procedure leading to binding arbitration at the last step. The first issue we must examine, therefore, is the reasonableness of the arbitrator's conclusion that the grievance here is arbitrable because it is one which falls within the agreement's arbitration clause. *County of Allegheny, supra.*

The District argues that the grievance is not arbitrable because the agreement does not contain any provisions relating to the salaries of part-time teachers. It maintains that the matter aggrieved is a "policy" matter and therefore does not arise out of the terms of the agreement.[2] The arbitrator, however,

---

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq.

[2] The provisions relating to arbitrable matters are as follows:

Grievances

1. Scope and Definitions

   A. *All grievances which arise out of the interpretation of the terms of this negotiated agreement* shall be subject to processing to binding arbitration as provided herein.

   B. *All grievances arising from violations, misrepresentations, or inequitable applications, of board or administra-*

here determined that part-time teachers were provided for in the agreement under a section providing for the pro rata computation of all "benefits for part-time teachers."

Pennsylvania labor policy favors the submission to arbitration of public employee grievances, *Board of Education of the School District of Philadelphia v. Philadelphia Federation of Teachers Local No. 3, AFT, AFL-CIO,* 464 Pa. 92, 346 A.2d 35 (1975) and our Supreme Court has enunciated the principle that where "an arbitrator has interpreted a collective bargaining agreement in favor of the arbitrability of the grievance before him, a reviewing court should be slow indeed to disagree." *County of Allegheny, supra,* 476 Pa. at 31-32, 381 A.2d at 851. In light of these principles, and after reviewing the applicable clauses of the collective bargaining agreement, we cannot say that the arbitrator was in error when he concluded that the dispute concerning the salaries of part-time teachers arose out of the interpretation or application of a provision of the agreement.

The District also maintains that the arbitrator's award did not draw its essence from the agreement. Essentially, the District argues that, because the agreement is silent with respect to the rate at which part-time teachers are to advance on the pay scale, it was the intent of the parties not to provide for this in the collective bargaining agreement. The arbitrator determined, however, that an ambiguity existed in the contract because the salary schedule increments set forth in the agreement applied generally to "teachers" with no distinction made as to full-time teachers as opposed to part-time teachers. Because he found that this ambiguity existed, he examined the

*tion policy,* shall be handled through meet and discuss procedures, which shall be adopted by the Board. (Emphasis added.)

past practices of the parties to determine their probable intent. In *County of Allegheny, supra,* the Supreme Court recognized several situations in which evidence of past practice can be used in arbitrations, among which are: "(1) to clarify ambiguous language, and (2) to implement contract language which sets forth only a general rule. . . ." 476 Pa. at 34, 381 A. 2d at 852. We believe, therefore, that this case presents a proper situation for the consideration of past practices, and, the arbitrator having found that the District had always advanced part-time teachers a full step on the salary scale and that this constituted a past practice as the Supreme Court has defined that term, we must affirm his award.[3]

The order of the lower court is reversed.

ORDER

AND Now, this 20th day of April, 1979, the order of the Court of Common Pleas of Cumberland County entering Summary Judgment in favor of the Shippensburg Area School District is reversed and the award of the arbitrator in the above-captioned matter is hereby reinstated.

---

[3] The agreement here in question contains an integration clause similar to that which the Supreme Court in *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977) held was a bar to the arbitrator's reliance on past practices in interpreting the parties' intent. However, we believe that the arbitrator's reliance on past practices here was not used to establish "a separate, enforceable condition of employment" 476 Pa. at 34, 381 A.2d at 852, but rather to clarify ambiguous language. Such use was specifically approved by the Supreme Court in *County of Allegheny, supra.*

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I would affirm on the opinion of President Judge SHUGHART of the Court of

Common Pleas of Cumberland County filed in support of the court's order of November 29, 1977 which entered summary judgment in favor of the Shippensburg Area School District and reported at 28 Cumb. L.J. 43 (1977).