Division 85, Amalgamated Transit Union, Appellant *v.* Port Authority of Allegheny County, Appellee.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Joseph J. Pass, Jr., Jubelirer, Pass & Intrieri, P.C.,* for appellant.

*Jacques M. Wood, Vasilis C. Katsafanas* and *Sidney Zonn, Berman, Ruslander, Pohl, Lieber & Engel,* for appellee.

OPINION BY JUDGE MACPHAIL, November 20, 1981:

In this appeal, Division 85, Amalgamated Transit Union (Union) challenges an order of the Court of Common Pleas of Allegheny County which set aside the award of an arbitration board and upheld the disqualification of Ellwood Tegtmeier (Tegtmeier) from

his position as a bus operator with the Port Authority of Allegheny County (PAT). We affirm.

The record reveals that Tegtmeier began his employment with PAT as a bus operator on April 16, 1976. In February or March of 1977, Tegtmeier was diagnosed as having diabetes which required insulin for control. Nevertheless, Tegtmeier continued to work as a bus operator and at no time informed PAT of his diabetic condition. In January 1980, PAT learned that Tegtmeier had diabetes and was insulin-dependent. Tegtmeier was promptly disqualified as a bus operator due to the possibility that he could suffer insulin shock while driving. The disqualification was required by a PAT Medical Department standard which provides, in pertinent part:

The standards required to be met are as follows:

. . . .

12. *Diabetes Mellitus*

*New*—Not acceptable for any job.

*Old*—Operators or drivers of company vehicles or machinery not allowed to use Insulin Injections. May operate if controlled by diet or oral medication.

All other employees—Must keep Diabetes under control medically, or by diet or may use insulin.

*Note*—All diabetic employees must be under proper Diabetic control as determined by the Medical Department.

Union filed a grievance following Tegtmeier's disqualification seeking his reinstatement as a bus operator. PAT denied the grievance stating that "Decision to disqualify operator was made by PAT Medical Department." An arbitration board was subsequently selected and, after a hearing, the board issued a detailed opinion in which it concluded that although the medical standard was a proper, valid and reasonable exercise of PAT's managerial prerogative, the stan-

dard *as applied to Tegtmeier* was unreasonable. The board found that Tegtmeier was capable of continuing in his duties as a bus operator "without any increased risk to the public caused by his diabetes." The arbitration board ordered that Tegtmeier be reinstated subject to periodic medical examinations. On appeal, the court of common pleas found that the board had exceeded its authority in creating exceptions to PAT's medical standard and set aside the award. The instant appeal was taken from that order.

Union raises two issues in this appeal: 1) whether the court below erred in concluding that the board exceeded its authority and 2) whether the medical standard for diabetes mellitus is unconsitutional in that it creates an irrebuttable presumption resulting in automatic disqualification of insulin-dependent diabetics.

It is firmly established that court review of the arbitrators' decision is highly circumscribed and the decision will not be set aside if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). It is the function of the arbitrators to reach a reasonable interpretation of the collective bargaining agreement and to apply that construction to the facts presented to them. *Ringgold Area School District v. Ringgold Education Association,* 489 Pa. 380, 414 A.2d 118 (1980). The arbitrators' award must be respected by the courts if "the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. . . .' " *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 594, 375 A.2d 1267, 1275 (1977), quoting *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123, 1128 (3rd Cir. 1969). The "essence test" requires a determination as to whether the terms of the

collective bargaining agreement encompass the subject matter of the dispute. *Leechburg Area School District.*

With regard to the first issue before us, we conclude that the arbitration board did exceed its authority when it effectively created an exception to PAT's medical standard. In fact, we believe that the issue *as framed by the arbitrators* in this case is not arbitrable under the terms of the collective bargaining agreement. Pennsylvania labor policy requires that public employee grievances which arise from the interpretation of a collective bargaining agreement be submitted to arbitration. Section 903 of the Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903. Where, as here, an arbitration board has interpreted an agreement in favor of the arbitrability of the grievance before it, a reviewing court should be slow to disagree. *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 381 A.2d 849 (1977). Judicial review of the arbitrability of a grievance is limited to determining whether the parties entered into an agreement to arbitrate and whether the dispute falls within the arbitration clause. *Shippensburg Area Education Association v. Shippensburg Area School District,* 42 Pa. Commonwealth Ct. 128, 400 A.2d 1331 (1979).

The board of arbitration in the instant case defined the issue before it as follows: "Whether or not the grievant *was properly disqualified* by the Port Authority from operation of a passenger bus on discovery of his insulin use." (Emphasis added.) The grievances and arbitration clause of the collective bargaining agreement provides that where an employee is found to have been "unjustly *suspended or discharged*" (emphasis added) he must be reinstated to his former position. The law is clear that the authority of arbitrators is limited by the terms of the agreement and where, as here, the arbitration clause does not in-

clude the matter of "disqualification," we must conclude that the propriety of an employee's disqualification is not within the terms of the agreement.[1] Thus, in our opinion, the issue is not arbitrable. *See Neshaminy Federation of Teachers v. Neshaminy School District*, 59 Pa. Commonwealth Ct. 63, 428 A.2d 1023 (1981).

After a thorough review of the pertinent agreement provisions we have concluded that the sole arbitrable issue which was before the board was whether or not the right to promulgate the subject medical standard was reserved by PAT under the following provision in the agreement:

Section 104—MANAGEMENT RIGHTS

The Employer reserves all rights and powers conferred upon it by the Constitution and laws of the Commonwealth of Pennsylvania, and of the United States, except as specifically modified by agreement between the parties.

On this issue the board stated that "the presumptive disqualification of insulin-dependent diabetics from the operation of Port Authority mass transit vehicles is found to be proper and reasonable and a valid exercise of managerial prerogatives." Having reached that conclusion, we believe the authority of the arbitrators was at an end. When the board nevertheless continued in its decision to interpret the medical stan-

---

[1] We think that the difference between a disqualification and a discharge or suspension is clear particularly in light of the following provision in the parties' collective bargaining agreement:

Section 207—DISQUALIFIED OPERATING EMPLOYEES

An operating employee in the bargaining unit who becomes disqualified from doing his regular work but is nevertheless physically qualified to perform work as laborer shall, in order of system seniority, be accepted in the laborer classification in the Maintenance Department. . . .

We were informed at oral argument that Tegtmeier, in fact, now works as a mechanic for PAT.

dard as it applied to Tegtmeier, the decision violated the "essence test." We think it is clear that the interpretation of a managerial policy, specifically reserved by the employer and not made a part of the collective bargaining agreement, is not rationally derived from that agreement. Thus, we must conclude that the arbitration board exceeded its authority when it created an exception to PAT's medical standard on diabetes mellitus and ordered that Tegtmeier be reinstated.

We finally note that even if the arbitrators' award satisfied the "essence test," we would consider that award to be contrary to public policy. PAT was created as a "body corporate and politic" pursuant to the Second Class County Port Authority Act (Port Authority Act), Act of April 6, 1956, P.L. (1955) 1414, *as amended*, 55 P.S. §§551-563.5. Section 1 of the Port Authority Act, 55 P.S. §551 declares it to be the policy of the Commonwealth "to promote the safety and welfare of the inhabitants thereof" by the creation of port authorities for counties of the second class. Section 10, 55 P.S. §560, provides that the use of authority facilities and its business operations are subject to rules and regulations adopted by the authority. Based on the admitted safety risks presented by the possibility of insulin shock as found by the arbitrators[2] we conclude that the medical standard here at issue promotes the declared public policy in favor of promoting transportation safety and was within the rule-making au-

---

[2] In finding that PAT's medical standard was reasonable the board stated that:

> The FAA, PUC, federal Department of Transportation and medical authorities in the area of diabetes all agree that, as a class, insulin dependent diabetics all present risks of insulin shock, which results in unconsciousness, and diabetic coma. All either recommend or order the prohibition of this class from the operation of commercial and public transportation vehicles or commercial aviation because of this ever-present risk.

thority of PAT. We further conclude that the arbitrators' award is inconsistent with that public policy and could be set aside on that ground. *See Ludwig Honold Mfg. Co.* at 1129, n. 27.

Having concluded that the board of arbitration exceeded its authority in interpreting PAT's medical standard we will not address the constitutionality of that standard since to do so would likewise require an interpretation of a matter beyond the scope of the collective bargaining agreement.

Order affirmed.

ORDER

AND Now, this 20th day of November, 1981, the order of the Court of Common Pleas of Allegheny County, Case No. SA 962 of 1980, dated October 22, 1980, is hereby affirmed.