299 Pa. Superior Ct. 124 (1982)
445 A.2d 179
Rosalie COHEN, Appellant,
v.
TEMPLE UNIVERSITY OF the COMMONWEALTH SYSTEM OF HIGHER EDUCATION, and Marvin Wachman, and John Rumpf, and George W. Johnson, and David G. Berger.
Superior Court of Pennsylvania.
Argued November 6, 1981.
Filed April 30, 1982.
*126 John J. O'Brien, Jr., Philadelphia, for appellant.
Matthew Strickler, Philadelphia, for appellees.
Before BECK, HOFFMAN and LIPEZ, JJ.
HOFFMAN, Judge:
Appellant contends that the lower court erred in dismissing her complaint for failure to exhaust mandatory arbitration procedures. We disagree and, accordingly, affirm the order of the court below.
In 1970, appellant, Dr. Rosalie Cohen, was jointly appointed to the faculty of appellee Temple University of the Commonwealth System of Higher Education as an Associate Professor in the Department of Sociology of the College of Liberal Arts and the Department of Foundations of Education of the College of Education. Thereby, she was to teach courses in both departments, but was to be considered for promotion within the Department of Sociology. On July 5, 1973, the American Association of University Professors was duly certified pursuant to the Public Employe Relations *127 Act[1] (PERA) as the exclusive bargaining representative of a unit including the full-time faculty of the Colleges of Liberal Arts and Education. The union and the University subsequently negotiated a collective bargaining agreement establishing minimum pay scales and generally incorporating existing university policies on promotion, work load, and fringe benefits. The collective bargaining agreement also established a three-step procedure for processing employee grievances and required, as a final step of that process, that all disputes be submitted to arbitration.[2] Appellant did not join the union. On September 26, 1979, she filed a four-count complaint in assumpsit and trespass seeking compensatory and punitive damages from the University and four *128 of its administrators. Appellant's three assumpsit counts aver that her contractual employment rights had been violated because: (1) she had not been promoted to the status of Professor according to established university procedures; (2) she had not been assigned to choice committees and graduate-level courses; and (3) the University had not observed proper procedures in attempting to terminate her appointment to the Department of Foundations of Education.[3] Appellant's trespass count generally reiterated her claim that she had been denied promotion and further alleged that the appellee administrators had fraudulently misrepresented the procedures that would be employed in evaluating her last application for promotion. Appellees then filed preliminary objections asserting, inter alia, that the court lacked subject matter jurisdiction because appellant had failed to submit her disputes to arbitration as required by the collective bargaining agreement and section 903 of PERA, 43 P.S. § 1101.903. The lower court sustained the preliminary objection as to its jurisdiction and dismissed appellant's complaint with a directive that the parties submit the matters to arbitration.[4] This appeal followed.[5]
*129 "Where . . . an administrative remedy is statutorily prescribed the general rule is that a court  be it a court of equity or a court of law  is without jurisdiction to entertain the action." Lilian v. Commonwealth, 467 Pa. 15, 18, 354 A.2d 250, 252 (1976) (citations omitted). Accord, Veerasingham v. Sharp, 61 Pa. Commonwealth Ct. 460, 464, 434 A.2d 221, 223 (1981). "An aggrieved employee covered by a collective bargaining agreement which provides exclusive remedies for breaches of that agreement, must attempt to exhaust those contractual remedies before initiating suit." Soto Segarra v. Sea-Land Service, Inc., 581 F.2d 291, 294 (1st Cir. 1978) (citations omitted).[6] Under PERA,

[a]rbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining with the proviso that the final step shall provide for a binding decision by an arbitrator or a tri-partite board of arbitrators as the parties may agree.
43 P.S. § 1101.903 (emphasis added). The compulsion to arbitrate labor disputes is derived jointly from the statute and the collective bargaining agreement. Ziccardi v. Commonwealth, Department of General Services, 50 Pa. Commonwealth Ct. 367, 371, 413 A.2d 9, 11 (1980); Oxford Board of School Directors v. Commonwealth, 31 Pa. Commonwealth Ct. 441, 443, 376 A.2d 1012, 1013 (1977). Cf. Pittsburgh *130 Joint Collective Bargaining Committee v. City of Pittsburgh, 481 Pa. 66, 72 & n.10, 391 A.2d 1318, 1321 & n.10 (1978) (arbitration of public employee labor dispute derived from the collective bargaining agreement). Arbitration of disputes is generally favored under the statutory and decisional law of the Commonwealth. See, e.g., Waddell v. Shriber, 465 Pa. 20, 25, 348 A.2d 96, 99 (1975); Chester City School Authority v. Aberthaw Construction Co., 460 Pa. 343, 352, 333 A.2d 758, 763 (1975); Flightways Corp. v. Keystone Helicopter Corp., 459 Pa. 660, 662, 331 A.2d 184, 185 (1975). "Moreover, the settlement of labor disputes through arbitration is particularly favored, as the arbitration of labor disputes under collective bargaining agreements is `part and parcel of the collective bargaining process.'" Lincoln University of the Commonwealth System of Higher Education v. Lincoln University Chapter of the American Association of University Professors, 467 Pa. 112, 120, 354 A.2d 576, 580 (1976) (citation omitted). Accord, Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County, 62 Pa. Commonwealth Ct. 528, ___, 437 A.2d 105, 107 (1981); Shippensburg Area Education Association v. Shippensburg Area School District, 42 Pa. Commonwealth Ct. 128, 132, 400 A.2d 1331, 1333 (1979). See generally Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh, supra (emphasizing policy considerations inherent in arbitration of disputes in the public employment arena); Pennsylvania Labor Relations Board v. Commonwealth, 478 Pa. 582, 387 A.2d 475 (1978) (same). Consequently, it is incumbent upon an aggrieved employee to submit his disputes to arbitration as a condition precedent to seeking judicial redress, and his failure to exhaust mandatory arbitration procedures deprives the courts of subject matter jurisdiction. Veerasingham v. Sharp, supra, 61 Pa. Commonwealth Ct. at 462-63, 434 A.2d at 223 (assumpsit for wrongful discharge); Ziccardi v. Commonwealth, Department of General Services, supra 50 Pa. Commonwealth Ct. at 370-71, 413 A.2d at 10-11 (wrongful discharge case brought in trespass, assumpsit, and equity); Donnellan v. Mt. Lebanon School District, 32 Pa. Commonwealth Ct. 33, 35, 377 A.2d 1054, 1056 (1977) (assumpsit *131 action concerning payment period of annual salary). Accord, Fouts v. Allegheny County, ___ Pa. Commonwealth Ct. ___, ___, 440 A.2d 698, 700-01 (1982) (failure to arbitrate dispute is an unfair labor practice cognizable only before the Pennsylvania Labor Relations Board) (en banc); Stroudsburg Area Board of Education v. Pennsylvania Labor Relations Board, 39 Pa. Commonwealth Ct. 200, 202, 395 A.2d 622, 623 (1978) (same) (panel case); North Star School District v. Pennsylvania Labor Relations Board, 35 Pa. Commonwealth Ct. 429, 432, 386 A.2d 1059, 1060 (1978) (same) (panel case); Oxford Board of School Directors v. Commonwealth, supra, 31 Pa. Commonwealth Ct. at 443, 376 A.2d at 1013 (same) (panel case). Appellant has neither submitted her disputes to the required grievance procedures nor sought arbitration. Consequently, if appellant's disputes are arbitrable, the lower court properly concluded that it lacked subject matter jurisdiction.
"Judicial review of the arbitrability of a grievance is limited to determining whether the parties entered into an agreement to arbitrate and whether the dispute falls within the arbitration clause." Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County, supra, 62 Pa. Commonwealth Ct. at ___, 437 A.2d at 107, citing Shippensburg Area Education Association v. Shippensburg Area School District, supra, 42 Pa. Commonwealth Ct. at 132, 400 A.2d at 1332. Accord, Lincoln University of the Commonwealth System of Higher Education v. Lincoln University Chapter of the American Association of University Professors, supra 467 Pa. at 120, 354 A.2d at 580; North Star School District v. Pennsylvania Labor Relations Board, supra 35 Pa. Commonwealth Ct. at 433, 386 A.2d at 1061. In determining arbitrability, we must also consider whether the dispute falls within the scope of the contractual grievance procedures. Carmichaels Area School District v. Carmichaels Area Education Association, 37 Pa. Commonwealth Ct. 141, 145, 389 A.2d 1203, 1206 (1978), aff'd mem., 487 Pa. 15, 407 A.2d 382 (1979). The collective bargaining agreement, as noted above, clearly requires submission of disputes to *132 grievance and arbitration procedures. We must, therefore, determine whether appellant's disputes fall within the scope of the grievance and arbitration clauses. Section 903 of PERA requires arbitration of all "disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement." 43 P.S. § 1101.903. Cases construing that section and contractual arbitration provisions, however, have liberally interpreted the scope of arbitration. "To be consistent with the general policy favoring the arbitration of contractual differences, we believe an order enjoining arbitration of a particular grievance should not be granted unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." Lincoln University of the Commonwealth System of Higher Education v. Lincoln University Chapter of the American Association of University Professors, supra 467 Pa. at 121-122, 354 A.2d at 581-82 (citations omitted). Accord, Pennsylvania Labor Relations Board v. Greater Johnstown Area Vocational-Technical School, 48 Pa. Commonwealth Ct. 604, 610, 410 A.2d 1290, 1293 (1980); Oxford Board of School Directors v. Commonwealth, supra 31 Pa. Commonwealth Ct. at 443, 376 A.2d at 1013. Thus, a dispute is arbitrable if it "arose out of the interpretation or application of a provision of the agreement," Shippensburg Area Education Association v. Shippensburg Area School District, supra 42 Pa. Commonwealth Ct. at 132, 400 A.2d at 1333, involved a "misinterpretation or misapplication of the provisions of th[e] collective bargaining agreement," Carmichaels Area School District v. Carmichaels Area Education Association, supra 37 Pa. Commonwealth Ct. at 145, 389 A.2d at 1206, "arguably involve[d] an interpretation or violation of one of the provisions of the collective bargaining agreement," Oxford Board of School Directors v. Commonwealth, supra 31 Pa. Commonwealth Ct. at 443, 376 A.2d at 1013 (emphasis in original); accord, Ringgold Area School District v. Abramski, 57 Pa. Commonwealth Ct. 33, 37, 426 A.2d 707, 710 (1981); North Star School District v. Pennsylvania Labor Relations Board, supra 35 Pa. Commonwealth Ct. at 433, 386 A.2d at 1061, or "is *133 one arguably dealt with by [a] provision[] of the collective bargaining agreement," Donnellan v. Mt. Lebanon School District, supra 32 Pa. Commonwealth Ct. at 35, 377 A.2d at 1056. Counts one and four of appellant's complaint allege that she had been denied promotion and had been the victim of misrepresentations as to the procedures that would be employed in entertaining her application for promotion, matters unquestionably governed by Article VIII (promotions) of the collective bargaining agreement. Count two challenges committee and class assignments, matters within the ambit of Article V (work load) of the collective bargaining agreement and the pre-existing university guidelines incorporated by reference into that agreement. Count three alleges that the University did not comply with appropriate procedures in attempting to terminate appellant's appointment to the Department of Foundations of Education, a matter covered by Article VII (retrenchment) of the collective bargaining agreement.[7]
We perceive of no argument, nor has [appellant] advanced any arguments, whereby we may say "with positive assurances", that this dispute does not arguably fall within the arbitration provisions of the collective bargaining agreement. In any event, the resolution of the issue of whether or not the arbitration clause of the parties' agreement encompasses the dispute[s] . . . is a "question of the scope of the grievance arbitration procedure [and] is for the arbitrator, at least in the first instance." Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh, 481 Pa. 66, 75, 391 A.2d 1318, 1323 (1978). (Emphasis in original.)
Pennsylvania Labor Relations Board v. Greater Johnstown Area Vocational-Technical School, supra 48 Pa. Commonwealth Ct. at 610, 410 A.2d at 1293. If the arbitrator decides that appellant's claims are indeed beyond the scope of the arbitration clause of the collective bargaining agreement, she may bring suit on her claims and we would modify *134 our judgment so that it would be without prejudice so to do. Donnellan v. Mt. Lebanon School District, supra 32 Pa. Commonwealth Ct. at 36, 377 A.2d at 1057. Accordingly, the court below did not err in finding that appellant's disputes were arbitrable.
Appellant argues, however, that she may sue upon her individual employment contract because, as a non-union employee, she is not bound to arbitrate her disputes with the University. We disagree. Section 606 of PERA, 43 P.S. § 1101.606, provides, in pertinent part, that "representatives selected by public employes in a unit appropriate for collective bargaining purposes shall be the exclusive representative of all the employes in such unit to bargain on wages, hours, terms and conditions of employment." (Emphasis added.) "PERA was expressly designed . . . to protect the rights of all public employes, not merely those who are union members." Hollinger v. Department of Public Welfare, 469 Pa. 358, 369 n.17, 365 A.2d 1245, 1251 n.17 (1976) (emphasis in original). Accord, Pennsylvania Labor Relations Board v. Eastern Lancaster County Education Association, 58 Pa. Commonwealth Ct. 78, 427 A.2d 305 (1981) (union owes duty of fair representation to non-union members of bargaining unit as well as to union members). In Branch 6000, National Association of Letter Carriers v. NLRB, 595 F.2d 808 (D.C. Cir. 1979), a non-union employee filed an unfair labor practice charge against the union alleging that it had breached its duty of fair representation. In affirming the finding that an unfair labor practice had occurred, the court stated:
With respect to terms and conditions of employment, the [National Labor Relations] Act grants to the majority representative the power to act as the exclusive bargaining agent for all the employees of the bargaining unit. Individual members have no separate negotiating rights; they must look exclusively to the union for protection of their interests. The duty of fair representation imposes upon the bargaining agent an obligation to represent fairly the interests of all employees in the bargaining unit, in good faith, and without arbitrariness or invidious discrimination.
*135 Id. at 811 (footnote omitted). Accord, International Brotherhood of Electrical Workers v. Foust, 442 U.S. 42, 46-47, 99 S.Ct. 2121, 2124-25, 60 L.Ed.2d 698, 702-03 (1979). As a general proposition, a collective bargaining contract will supersede an individual employment contract, insofar as the two are inconsistent and do not reflect the individual's superior bargaining power, regardless of whether the individual contract arose before the collective bargaining, J.I. Case Co. v. NLRB, 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762 (1944), or after it, Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944). See also Smith Unemployment Compensation Case, 187 Pa. Superior Ct. 560, 564, 146 A.2d 59, 61 (1958), rev'd on other grounds sub nom., Smith v. Unemployment Compensation Board of Review, 396 Pa. 557, 154 A.2d 492 (1959); Duquesne Brewing Co. of Pittsburgh v. Unemployment Compensation Board of Review (Loerlein Unemployment Compensation Case), 162 Pa. Superior Ct. 216, 221, 56 A.2d 269, 271, aff'd per curiam, 359 Pa. 535, 59 A.2d 913 (1948). In Donnellan v. Mt. Lebanon School District, a non-union teacher sued his employer in assumpsit concerning the payment period of his annual salary. The Commonwealth Court held that he could not sue upon his individual contract because his dispute was "one arguably dealt with by the collective bargaining agreement, . . . and . . . arbitration [was] the proper and only remedy . . . available." 32 Pa. Commonwealth Ct. at 35, 377 A.2d at 1056 (emphasis in original). Consequently, the mere fact that appellant was not a member of the union certified as the exclusive representative of her bargaining unit will not permit her to sue upon her individual contract with the University.
Because we conclude that appellant's disputes are encompassed by the mandatory grievance and arbitration provisions of a collective bargaining agreement and that appellant utterly failed to exhaust that remedy, we hold, as did the court below, that our courts lack subject matter jurisdiction over appellant's complaint in assumpsit and trespass. *136 Accordingly, the lower court properly dismissed her complaint.[8]
Order affirmed.
NOTES
[1] Act of July 23, 1970, P.L. 563, No. 195, as amended, 43 P.S. §§ 1101.101-1101.2301.
[2] The collective bargaining agreement provides, in pertinent part:

ARTICLE XVI
Grievance Procedure
A. The AAUP and Temple agree that they will use their best efforts to encourage the informal and prompt settlement of grievances. In the event a grievance may arise between Temple and one or more of its employees, or between Temple and the AAUP, involving the interpretation and application of this Agreement which cannot be settled informally, a grievance procedure is described below for the orderly resolution of such grievances. The AAUP shall be notified in advance and shall have the right to be present at meetings specified in all steps. The grievant shall have the right of AAUP representation, or may represent himself.
. . . .
ARTICLE XVII
Arbitration Procedures
A. In the event a grievance is not satisfactorily resolved through the grievance procedures described in Article XVI of this Agreement, or this Agreement otherwise provides that a matter may be referred to arbitration, and the AAUP wishes to proceed to arbitration, Temple and AAUP shall meet within ten days after Temple's decision in Step 3 of the Grievance Procedure to attempt to select an arbitrator competent in matters peculiar to institutions of higher education and, if appropriate, to a particular discipline. Should the parties be unable to agree on an arbitrator within five days, the grievance may be referred to the American Arbitration Association for resolution by a single arbitrator in accordance with its Voluntary Rules of Labor Arbitration then in force.
B. The language used in this Agreement shall be binding upon the arbitrator.
C. The decision of the arbitrator shall be final and binding.
[3] Appellant alleged also that she had been "constructively locked out" because the University had failed to accept and forward messages concerning her students.
[4] Appellant argues that the court has subject matter jurisdiction at least as to part of her claim because appellees' preliminary objection raised that issue as to only two counts of her complaint. We disagree. "It is axiomatic that a court may raise the issue of its subject-matter jurisdiction on its own initiative at any stage of a proceeding and, further, that such jurisdiction cannot be obtained by consent of the parties, or by waiver or estoppel." In re Borough of Valley-Hi, 54 Pa. Commonwealth Ct. 53, 56-7, 420 A.2d 15, 17 (1980) (citations omitted). It is thus inconsequential that appellees did not attack the totality of appellant's complaint. See Ringgold School District v. Abramski, 57 Pa. Commonwealth Ct. 33, 38 n.4, 426 A.2d 707, 710 n.4 (1981).
[5] Although this appeal may arguably fall within the jurisdiction of the Commonwealth Court, see 42 Pa.C.S.A. § 762(a)(4)(i)(A); see, e.g., Fouts v. Allegheny County, ___ Pa. Commonwealth Ct. ___, 440 A.2d 698 (1982); Rutledge v. Southeastern Pennsylvania Transportation Authority, 52 Pa. Commonwealth Ct. 308, 415 A.2d 982 (1980), overruled in part on other grounds, Fouts v. Allegheny County, supra; Williamsport Area Community College Education Association v. Williamsport Area Community College, 43 Pa. Commonwealth Ct. 270, 402 A.2d 1102 (1979); Donnellan v. Mt. Lebanon School District, 32 Pa. Commonwealth Ct. 33, 377 A.2d 1054 (1977), we need not transfer this matter to that forum, see 42 Pa.C.S.A. § 705, but may entertain it because no party has objected to this Court's exercise of jurisdiction, id. § 704(a).
[6] Cases construing the National Labor Relations Act are persuasive authority, but must be carefully applied to observe any inherent distinctions between public and private employment. See, e.g., Borough of Wilkinsburg v. Sanitation Department of the Borough of Wilkinsburg, 463 Pa. 521, 525 n.5, 345 A.2d 641, 643 n.5 (1975); Fouts v. Allegheny County, supra ___ Pa. Commonwealth Ct. at ___, 440 A.2d at 700-01; Burse v. Commonwealth, 56 Pa. Commonwealth Ct. 555, 557, 425 A.2d 1182, 1184 (1981).
[7] We conclude that Article XXII (no strike/no lockout) of the collective bargaining agreement encompasses appellant's averment that she had been "constructively locked out."
[8] Because of our disposition of this case, we need not reach the other issues raised.