ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ.

**Donald R. SADLER, Plaintiff and Appellant**

v.

**BASIN ELECTRIC POWER COOPERATIVE, Defendant and Appellee.**

**Civ. No. 11393.**

Supreme Court of North Dakota.

June 24, 1987.

Stephen D. Little, of Dietz & Little, Bismarck, for plaintiff and appellant.

Warren H. Albrecht, Jr., of Fleck, Mather, Strutz & Mayer, Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

Donald R. Sadler has appealed from a summary judgment dismissing his complaint against Basin Electric Power Cooperative (Basin) arising out of his discharge from employment. We affirm in part, reverse in part, and remand.

Sadler was employed by Basin on April 1, 1976. He was discharged by letter of October 15, 1985, stating in part that "your position is being eliminated due to the restructuring and reorganization of the Cooperative."

After declining to accept two other positions offered him by Basin, Sadler sued Basin, alleging causes of action for breach of his employment contract, breach of an implied covenant of good faith and fair dealing, defamation, and intentional infliction of emotional distress. The trial court granted Basin's motions to dismiss or grant summary judgment on all causes of action. Judgment was entered accordingly. On appeal, Sadler contends that the trial court erred in dismissing his lawsuit.

We said in *Latendresse v. Latendresse*, 294 N.W.2d 742, 748 (N.D.1980):

"A motion for summary judgment may be granted only if, after considering the evidence and inferences in the light most favorable to the party against whom the judgment is demanded there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." (Citations omitted.)

Sadler asserts that when he was employed by Basin in 1976, his supervisor told him that when his 90–day probationary period was completed, he could be dismissed only for cause. In 1980 Basin issued to its employees an employee handbook stating, among other things, that "[p]ermanent employees cannot be terminated without a just cause." The term "just cause" was not defined in the 1980 employee handbook.

In 1982, Sadler received another employee handbook containing a similar "just cause" provision. In 1983, Sadler received another employee handbook, which, for the first time, provided:

"Basin Electric's policy on disciplinary action provides that employees of the Cooperative may be disciplined for incompetence, tardiness, insubordination, unjustified absence, sick-leave abuse, safety violations, or similar breach of Cooperative policies and practices.

"... The employee may be discharged following a third offense.

"Basin Electric reserves the right to dismiss an employee at any time with cause. Theft from the Cooperative, sale or use of alcohol or drugs during working hours, assault or harassment of another person on the job, destruction of Cooperative property, unauthorized use or falsification of records, or disclosure of confidential information will result in dismissal unless there are extenuating circumstances."

The 1983 handbook also provided, for the first time:

"... The contents of this handbook are not intended to imply any contractual arrangement between you and the Cooperative. In addition, management reserves the right to modify, suspend or revoke any of the policies or benefits presented here."

In 1985, Sadler received another employee handbook which contained, for the first time, a reduction-in-force policy. It also changed the dismissal-for-cause provision to add "[e]limination of a position due to lack of work or a continued need for the position" to the causes for discharge specified in the 1983 handbook.

Sadler asserts that the "just cause" provision in the 1980 employee handbook meant employee misconduct and did not extend to layoffs due to job reduction and that Basin could not subsequently change the "cause" provision and make it applicable to him.

■ We are unable to ascertain the parties' intentions from the employee handbooks alone. Upon considering the pleadings and evidence in the light most favorable to Sadler, it appears to us that Sadler has raised genuine issues of material fact regarding whether or not subsequent changes in the employee handbooks were intended to apply to existing employees at the time they were issued and, if they were, regarding the intended meaning of the term "just cause" in the 1980 employee handbook. Thus there are questions of fact to be determined by the trier of fact. *Sorlie v. Ness*, 323 N.W.2d 841 (N.D.1982). Those genuine issues of material fact preclude disposition of Sadler's cause of action for breach of his employment contract by summary judgment. E.g., *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.1987).

■ Sadler contends that the trial court also erred in dismissing his cause of action for breach of an implied covenant of good faith and fair dealing. Determination of this issue is governed by our recent decision in *Hillesland v. Federal Land Bank*, 407 N.W.2d 206, 215 (N.D.1987), where we said:

"We refuse to recognize a cause of action for breach of an implied covenant of good faith and fair dealing where, as in this case, the claimant relies upon an employment contract which contains no express term specifying the duration of employment."

■ Sadler also contends that the trial court erred in dismissing his defamation claim, which was based upon the following rationale:

"Basin's reduction-in-force policy provides that a termination made as part of a reduction-in-force shall be based on qualifications and ability to do the remaining work in a department with seniority being a factor if ability and qualifications are equal....

"Basin's action was equivalent to publishing a letter to every Basin employee stating that Sadler, ... had been determined to be unqualified for any position at Basin."

Sadler's termination was not itself a false publication and any inferences which may have been drawn by third parties as a result of the termination does not make the termination defamatory. See *Gowin v. Hazen Memorial Hospital Ass'n*, 349 N.W.2d 4 (N.D.1984).

Sadler also contends that the trial court erred in dismissing his cause of action for intentional infliction of emotional distress. The trial court determined that Sadler "has been unable to produce any evidence which would create a jury issue on this matter." Sadler has not drawn our attention to any evidence in the record raising a genuine issue of material fact on this matter. We are not persuaded that the trial court erred.

The summary judgment appealed from is affirmed insofar as it dismisses Sadler's causes of action for breach of an implied covenant of good faith and fair dealing, defamation, and intentional infliction of emotional distress. The judgment is reversed insofar as it dismisses Sadler's cause of action for breach of his employment contract and that matter is remanded for further proceedings in accordance with this opinion.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

MESCHKE, J., concurs in the result.