Mary J. KREIN, Plaintiff and Appellant,

v.

MARIAN MANOR NURSING HOME and Rodney Auer, Defendants and Appellees.

Civ. No. 870099.

Supreme Court of North Dakota.

Nov. 19, 1987.

Chapman & Chapman, Bismarck, for plaintiff and appellant; argued by Charles L. Chapman.

Fleck, Mather, Strutz & Mayer, P.C., Bismarck, for defendants and appellees; argued by Robert L. Udland.

MESCHKE, Justice.

Mary J. Krein appealed from dismissal of her damage claim against Marian Manor Nursing Home and its administrator, Rodney Auer, for wrongful termination of employment. We hold that Krein may sue for retaliatory discharge for seeking workmen's compensation, including exemplary

damages, but that she has not shown enough about being physically handicapped to allow her to proceed with a claim for employment discrimination. Accordingly, we affirm in part, reverse in part, and remand.

Krein was employed as a nurse's aid by Marian Manor from 1979 until January 16, 1984. Thereafter Krein sued Marian Manor and Auer for damages, alleging wrongful termination of employment. Krein claimed: (1) she was discharged in retaliation for her intention to claim workmen's compensation; (2) her discharge was a breach of good faith and fair dealing by Marian Manor; and (3) she was discharged because she was obese, a discriminatory employment practice violating NDCC Ch. 14–02.4.

In summarily dismissing Krein's suit, the trial court assumed that Krein had raised genuine issues of fact about whether her leaving employment was voluntary or involuntary and about the reasons it happened. The trial court accepted as true Krein's claims that she was discharged because she intended to claim workmen's compensation for a job-related injury and because she was overweight. Even with those assumptions, the trial court concluded that Krein did not have a claim upon which relief could be granted. The trial court ruled that: (1) there is no recognized right to judicial relief in this state for a retaliatory discharge for seeking workmen's compensation; (2) there is no recognized right to judicial relief in this state by a discharged at-will employee against an employer for breach of good faith and fair dealing; and (3) Krein did not show that her obesity was a physical handicap which might make her discharge discriminatory. Krein appealed from the summary judgment dismissing her suit.

Whether a claim for retaliatory discharge for seeking workmen's compensation is recognized in North Dakota is an issue of first impression for this court. To decide it, we assume, as did the trial court, that Krein has raised material issues of fact about whether her employment was terminated in retaliation for the intended compensation claim.

■ In North Dakota the general rule is that employment without a definite term is presumed to be at will and the employer has the right to terminate the employee with or without cause. *Bailey v. Perkins Restaurants, Inc.*, 398 N.W.2d 120 (N.D. 1986). Krein concedes that her employment was at will, but she asserts that it is contrary to public policy to permit an employer to discharge an employee for filing or for expressing an intent to file a workmen's compensation claim. Krein asserts that because a retaliatory discharge contravenes public policy it is grounds for a tort action against her employer.

■ We agree that the retaliatory discharge of an employee for seeking workmen's compensation violates public policy in North Dakota. That public policy was expressed by our legislature in the Workmen's Compensation Act at NDCC 65–01–01:

"The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workmen injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided. . . ."

The "sure and certain relief" for an injured workman in our Workmen's Compensation Act would be largely illusory and do little for the workman's "well-being" if the price were loss of his immediate livelihood. We agree with those courts which hold that discharge of an employee for seeking workmen's compensation profanes public policy and permits a tort action against the employer. *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978); *Sventko v. Kroger Co.*, 69 Mich.App. 644, 245 N.W.2d 151 (1976); *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973). *See also* Annot., *Recovery for Discharge From Employment in Retaliation for Filing Worker's Compensation Claim*, 32 A.L.R.4th 1221 (1984).

The reasons were well expressed by the Supreme Court of Illinois in *Kelsay, supra:*

"... the legislature enacted the workmen's compensation law as a comprehensive scheme to provide for efficient and expeditious remedies for injured employees. This scheme would be seriously undermined if employers were permitted to abuse their power to terminate by threatening to discharge employees for seeking compensation under the Act. We cannot ignore the fact that when faced with such a dilemma many employees, whose common law rights have been supplanted by the Act, would choose to retain their jobs, and thus, in effect, would be left without a remedy either common law or statutory. This result, which effectively relieves the employer of the responsibility expressly placed upon him by the legislature, is untenable and is contrary to the public policy as expressed in the Workmen's Compensation Act. We cannot believe that the legislature, even in the absence of an explicit proscription against retaliatory discharge, intended such a result." 23 Ill.Dec. at 563, 384 N.E.2d at 357.

We hold that an employee can sue an employer for a wrongful discharge in retaliation for seeking workmen's compensation. Since the trial court erred in dismissing Krein's suit on this ground, the case is remanded for a trial of her claim for retaliatory discharge.

■ Krein alleges that, in discharging her, Marian Manor, through administrator Auer, acted with oppression, fraud and malice. Krein asserts that, therefore, she is also entitled to seek exemplary damages. We agree. Under NDCC 32–03–07, Krein's suit for retaliatory discharge is the kind of tort claim which allows exemplary damages. *See Froemming v. Gate City Federal Sav. & Loan Ass'n,* 822 F.2d 723 (8th Cir.1987). *See also Adler v. American Standard Corp.,* 538 F.Supp. 572 (D.C.Md. 1982); Annot., *Damages Recoverable for Wrongful Discharge of At–Will Employee,* 44 A.L.R.4th 1131, at 1155 (1986). Whether someone is guilty of oppression, fraud or malice for an award of exemplary

damages is a factual issue for the trier of fact. *Dahlen v. Landis,* 314 N.W.2d 63 (N.D.1981).

Krein asserts that the trial court also erred in dismissing her claim for breach of good faith and fair dealing. This issue is governed by the recent decision of this court in *Hillesland v. Federal Land Bank Ass'n,* 407 N.W.2d 206, 215 (N.D.1987):

"We refuse to recognize a cause of action for breach of an implied covenant of good faith and fair dealing where, as in this case, the claimant relies upon an employment contract which contains no express term specifying the duration of employment."

*See also Sadler v. Basin Electric Power Coop.,* 409 N.W.2d 87, 89 (N.D.1987). Apart from her claim for retaliatory discharge, Krein has not advanced any reason to distinguish this case from the holdings of this court in *Hillesland, supra,* or *Sadler, supra.*

Krein asserts that the trial court also erred in dismissing her claim for discriminating in employment against a person with a physical handicap. Part of NDCC 14–02.4–01 says:

"*State policy against discrimination.* It is the policy of this state to prohibit discrimination on the basis of ... the presence of any mental or physical disability...."

The relevant part of NDCC 14–02.4–03 states:

"*Employer's discriminatory practices.* It is a discriminatory practice for an employer ... to discharge an employee ... because of ... physical or mental handicap...."

The trial court concluded that, although obesity may lead to a condition which results in a disability or a physical handicap, Krein failed to develop adequate facts to show that there was a genuine issue about whether her obesity was a physical handicap or disability under NDCC Ch. 14–02.4. We agree.

Although the legislature chose to define many terms in NDCC Ch. 14–02.4, it did not explain the terms "mental or physical disability" or "physical or mental handi-

**796**

cap." NDCC 1–02–02 tells us that words used in a statute are to be understood in their ordinary sense unless a contrary intention plainly appears. Webster's Third New International Dictionary (1971) defines disability as "a physical or mental illness, injury or condition that hinders, impedes or incapacitates." It defines handicap as "a disadvantage that makes achievement unusually difficult esp. a physical disadvantage that limits the capacity to work."

■ We believe that these commonly understood meanings of disability and handicap may comprehend an obese condition which significantly impairs a person's abilities. However, the mere assertion that one is overweight or obese is not alone adequate to make a claimant one of the class of persons afforded relief for discrimation under NDCC Ch. 14–02.4. Something more must be shown.

■ Having reviewed the pleadings and other documents in this case, including Krein's deposition and accompanying exhibits, we agree with the trial court that Krein failed to demonstrate that her weight was a disability or handicap entitling her to pursue statutory relief for discrimination.

Krein weighed over three hundred pounds. She testified that she did not consider her weight to be a disability. She further testified that she was unaware of any specific physical problem underlying her overweight condition. When questioned about any illness or injury related to her weight, Krein responded that sometimes it aggravated her asthma and made her more susceptible to flu and colds. Those common ailments do not amount to a disability or handicap. Krein mentioned no other physical consequence of her weight. She offered no expert evidence equating it to a disability or showing how it impaired her abilities. Thus, we conclude that Krein failed to show a material issue of fact about being physically handicapped under NDCC Ch. 14–02.04, and that, therefore, the trial court did not err in dismissing her discrimination claim. *Compare*, Note, *Facial Discrimination: Extending Handicap Law to Employment Discrimination on the Basis of Physical Appearance*, 100 Harvard Law Review 2035 (1987).

The summary judgment is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and GIERKE, LEVINE and VANDE WALLE, JJ., concur.