Carman DeLAPP, Plaintiff–Appellant,

v.

CONTINENTAL CAN COMPANY, INC., Defendant–Appellee.

No. 87–3707.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 1988.

Decided Feb. 28, 1989.

William B. Christie, Seattle, Wash., for plaintiff-appellant.

Judd H. Lees and Josephine B. Vestal, Williams, Lanza, Kastner & Gibbs, Bellevue, Wash., for defendant-appellee.

Before POOLE, CANBY, and LEAVY, Circuit Judges.

CANBY, Circuit Judge:

Carman DeLapp appeals the district court's judgment in favor of Continental Can Company. DeLapp originally brought this breach of contract action in state court, but Continental Can subsequently removed it to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185. A jury determined that an oral agreement had been reached between Continental Can and DeLapp and that Continental Can had breached the agreement. The district court granted Continental Can's petition for judgment notwithstanding the verdict, finding that the individual oral agreement between the parties was unenforceable in the face of a collective bargaining agreement that governed the same benefits. We affirm.

## FACTS

DeLapp worked for Continental Can as a maintenance machinist in Continental's Seattle machine shop facility. DeLapp and the other employees at this facility were represented by the International Association of Machinists and Aerospace Workers and were covered by a master agreement negotiated between the union and Continental Can. Among other things, the master agreement provided that an employee would be eligible for early pension if he or she had twenty-five years of continuous service and had been subject to an uninterrupted two year layoff period. An employee automatically obtained an additional two year credit, called "creep," if he was not recalled to the home plant or any plant within 100 miles of the home plant during a two year layoff period. Thus, an employee would be eligible to receive early pension benefits if he worked twenty-three years prior to the layoff and then was not recalled to work during a two year period following the layoff.

In September of 1982, Continental Can determined that it would have to close its Seattle facility and lay off the entire work force. DeLapp would have worked for Continental Can for 23 years in March of 1983; thus, a layoff date in March would make him eligible to receive early pension benefits under the master agreement if he obtained the two year creep. Although DeLapp was originally slated to be laid off in December of 1982, Continental Can promised him a March layoff date if he would assist the company with the dismantling of its Seattle plant. DeLapp agreed and was eventually laid off in March. Shortly after his layoff, Continental Can recalled him to work in its plant in Lacey, Washington, located within 100 miles of the Seattle facility. DeLapp refused the position and in June of 1983, Continental Can

advised him that his refusal to accept the recall would result in a break in service within the two year "creep." In February of 1986, DeLapp sued to compel payment under the early pension program.

At trial, DeLapp argued that Continental Can promised him a guaranteed layoff date of March, 1983 if he stayed on to help with the dismantling of the Seattle plant. In addition, DeLapp contended that Continental Can promised that it would not enforce the recall disqualification provision set forth in the master agreement during the two year layoff period. The jury found in DeLapp's favor and determined that Continental Can had breached its agreement with DeLapp by recalling him to its Lacey, Washington plant. DeLapp now appeals the district court's grant of Continental's motion for judgment notwithstanding the verdict.

## DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 1291. Like the district court, we determine the propriety of a judgment notwithstanding the verdict by evaluating whether the evidence, "viewed in the light most favorable to the non-moving party, permits only one reasonable conclusion with respect to the verdict." *Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1356 (9th Cir.1987). We conclude that federal law preempts DeLapp's state law breach of contract claim. The district court was therefore correct in granting Continental's motion for judgment notwithstanding the verdict.

### The Preemptive Effect of Federal Law.

■ DeLapp argues that his complaint does not assert a breach of the collective bargaining agreement, and that accordingly section 301 of the Labor Management Relations Act (LMRA) should not preempt his state contract claim. Section 301(a) provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a) (1982). A suit for breach of a collective bargaining agreement under section 301 is governed exclusively by federal law. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.1987). The preemptive force of section 301 is sufficiently powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement. *Stallcop v. Kaiser Found. Hospitals*, 820 F.2d 1044, 1048 (9th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).

### The Lingle Test for Preemption.

■ The Supreme Court has recently established that the application of state law is preempted by section 301 "only if such application requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.,* — U.S. —, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988). Under the *Lingle* test, DeLapp's state contract claim is preempted by § 301 if any term of the collective bargaining agreement must be interpreted to resolve DeLapp's state law claim. We conclude that DeLapp's state claim is preempted by federal labor law because the provision in the collective bargaining agreement governing the early pension benefit program must be interpreted to resolve the claim.

DeLapp contended at trial that he agreed to stay on and help with the dismantling of Continental Can's Seattle plant in exchange for Continental's promise that he would receive early pension benefits. Continental Can's early pension program is defined in the master agreement that was negotiated between the union and Continental Can. The master agreement provides that an employee is eligible to receive early pension if he or she had 25 years of continuous service and had been subject to a layoff. In addition, the agreement provides that an employee can obtain a two year credit, called "creep," if the employee is not recalled to the home plant or any plant within 100 miles of the home plant during a two year period following the layoff. DeLapp claims that he entered into an oral contract with Continental Can under which Continental promised not to enforce the master agreement's recall disqualification provision.

DeLapp's oral agreement dealt specifically with his entitlement to a right or benefit "created by [the] collective bargaining agreement." *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987) ("Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.' "). To resolve DeLapp's contract claim, an interpretation of the collective bargaining agreement is necessary to understand the components of the early pension program and the program's "creep" provision. DeLapp was covered by the collective agreement and represented by the union at the time he entered into the oral agreement with Continental Can. Thus, while employees are entitled to enter into individual contracts with their employers to assert rights that are independent of the collective bargaining agreement, DeLapp asserts no such right. His individual oral agreement with Continental Can cannot be enforced without interpreting the collective bargaining agreement. Under the *Lingle* test, DeLapp's state law breach of contract claim is preempted by § 301, and the union's collective bargaining agreement controls the resolution of this dispute.

DeLapp would avoid the preemptive effect of § 301 by viewing his contract as entirely separate from the collective bargaining agreement. As we have stated, we do not believe the contract can be so characterized. Even if it could, DeLapp would not be entitled to prevail. The Supreme Court has analyzed the relationship of individual employment contracts to collective bargaining agreements and concluded that an employee may make a separate contract with his employer only so long as it is "not inconsistent" with the collective bargaining agreement. *J.I. Case Co. v. NLRB,* 321 U.S. 332, 339, 64 S.Ct. 576, 581, 88 L.Ed. 762 (1944); *see also Bale v. General Telephone Co.,* 795 F.2d 775, 779 (9th Cir.1986).

■ DeLapp argues that his individual contract is not inconsistent with the collective bargaining agreement. He asserts that Continental Can orally agreed to waive its rights under the recall disqualification provision of the master agreement. Because this provision is discretionary, DeLapp reasons that its waiver is entirely consistent with the agreement. But Continental is given the power under the agreement to interrupt an employee's service for purposes of the "creep" allowance by recalling him to work; thus, the company's defense when sued is to assert the collective bargaining agreement. DeLapp's separate agreement is inconsistent with this application of the collective bargaining agreement. The collective bargaining agreement must prevail. *See Hendricks v. Airline Pilots Ass'n Intern.,* 696 F.2d 673, 675–77 (9th Cir.1983).[1]

■ Finally, we accept the district court's conclusion that Continental Can did not engage in fraudulent or overreaching conduct to induce DeLapp into performing extra work. DeLapp was not singled out for special treatment when Continental recalled him to work; others similarly situated were also recalled and found ineligible for early pension benefits. In addition, the record supports the district court's conclusion that Continental's refusal to pay benefits to DeLapp was based on a reasonable interpretation of the master agreement and the oral contract. Thus, special circumstances which may require the enforcement of an oral contract to avoid injustice do not exist in this case.[2]

---

**1.** The fact that DeLapp's individual agreement with Continental Can is more advantageous to DeLapp as an employee does not serve to buttress DeLapp's argument from a policy standpoint. In *J.I. Case,* the Court noted that "[t]he practice and philosophy of collective bargaining looks with suspicion on such individual advantages" and advantages to individuals are "often earned at the cost of breaking down some other standard thought to be for the welfare of the group." *Id.* 321 U.S. at 338, 64 S.Ct. at 581.

Thus, injecting private contracts into the bargaining process, whether the contracts be to the advantage of a particular employee or not, will not further Congress' goal of encouraging collective agreements and promoting industrial peace. *See Hendricks,* 696 F.2d at 676.

**2.** Because we decide that the terms of the collective bargaining agreement control the resolution of this dispute, we need not address the appellees alternative grounds for affirmance based

## CONCLUSION

DeLapp's state law contract claim is preempted by § 301 under the test set forth in *Lingle*. Accordingly, the district court's grant of judgment notwithstanding the verdict is AFFIRMED.

on the statute of limitations and the exhaustion    doctrine.