Arlyss BYKONEN, Plaintiff, Appellant and Cross–Appellee,

v.

UNITED HOSPITAL, a Non-profit Corporation, and Marvin Meier, Defendants, Appellees and Cross–Appellants.

Civ. No. 910152.

Supreme Court of North Dakota.

Jan. 9, 1992.

Pearson, Christensen, Larivee & Fischer, Grand Forks, for plaintiff, appellant and cross-appellee; argued by Jon J. Jensen.

McElroy, Camrud, Maddock & Olson, Grand Forks, for defendants, appellees and cross-appellants; argued by Gerald J. Haga. Appearance by Bob McLaughlin, Vice President of Personnel at United Hosp.

LEVINE, Justice.

Arlyss Bykonen appeals from a summary judgment dismissing her action for wrongful termination against United Hospital (United) and Marvin Meier. We affirm.

Bykonen was employed by United from October 1967 until September 2, 1987, when she was discharged by her supervisor, Marvin Meier, for insubordination. Bykonen filed an action for damages against United and Meier, asserting that United violated her contractual employment rights by terminating her without cause and by failing to follow United's policies and procedures for discipline and dismissal.[1] United responded that Bykonen was an at will employee who could be terminated without cause, merely upon receiving notice of termination. United moved for a summary judgment dismissal. The district court granted the motion, concluding that Bykonen was an at will employee and that she had failed, as a matter of law, to state a claim for which relief could be granted. Bykonen filed a motion for reconsideration which, following a hearing, was denied by the district court. Bykonen then filed this appeal.

Under Rule 56, N.D.R.Civ.P., summary judgment is appropriate if there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. *Bailey v. Perkins Restaurants, Inc.,* 398 N.W.2d 120 (N.D.1986). We stated in *Stensrud v. Mayville State College,* 368 N.W.2d 519, 521 (N.D.1985):

"Summary judgment is appropriate to promptly and expeditiously dispose of controversies without trial when, after viewing the evidence in a light most favorable to the party against whom summary judgment is sought and giving her the benefit of all favorable inferences, only a question of law is involved or there is no genuine dispute over either the material facts or inferences to be found from undisputed facts."

■ The general rule in North Dakota is that employment without a definite term is presumed to be at will and the employer has the right to terminate the employee with or without cause. Section 34–03–01, N.D.C.C.; *Bailey v. Perkins Restaurants, Inc.,* 398 N.W.2d 120 (N.D.1986). However, by contract, the parties can overcome the presumption of at will employment and create in the employee enforceable employment rights. *Sadler v. Basin Electric Power Cooperative,* 409 N.W.2d 87 (N.D. 1987). *See also Pine River State Bank v. Mettille,* 333 N.W.2d 622 (Minn.1983). In construing a contract to determine its legal effect, this court will independently examine it in its entirety to determine the true intent of the parties. *Eldridge v. Evangelical Lutheran Good Samaritan Society,* 417 N.W.2d 797 (N.D.1987).

■ To the question of whether she had ever signed a written employment contract with United, Bykonen responded that "I don't remember." She did not present any evidence by affidavit or otherwise that she had ever signed a written contract. However, Bykonen asserts that the United Hospital Policy Manual created enforceable contract rights of employment for her that were violated by United. At the summary judgment hearing, Bykonen did not introduce the manual. She did, however, place into the record two policies from the manual: policy number 3205, dealing with termination for cause, and policy number 3204, setting forth procedures for discipline and termination of employees.

United asserts that the following disclaimer found in a 1984 edition of United's

---

1. Bykonen also asserted in the complaint that her discharge "was predicated solely upon sex discrimination." The trial court dismissed her entire cause of action, including that count, but Bykonen has not argued the sex discrimination claim on this appeal.

"Personnel Handbook"[2] shows that Bykonen was an at will employee, who could be terminated upon mere notice, with or without cause:

"This handbook is not, nor should it be construed as a contract of employment but is rather a source of information concerning personnel related matters for the employees of United Hospital, who are covered equally by the policies stated herein."

Bykonen responds that the contractual rights upon which she relies were created by the United Hospital Policy Manual, not the Personnel Handbook.

In *Bailey, supra,* 398 N.W.2d at 122, we quoted with approval from *Thompson v. St. Regis Paper Co.,* 102 Wash.2d 219, 685 P.2d 1081, 1088 (1984), the Washington Supreme Court's statement of the general rule regarding modification of at will employment by employee handbooks:

" '... employers will not always be bound by statements in employment manuals. They can specifically state in a conspicuous manner that nothing contained therein is intended to be part of the employment relationship and are simply general statements of company policy.' "

We held in *Bailey* that the presence of a clear and conspicuous disclaimer in the employee handbook operated to preserve the presumption of at will employment and that the trial court properly granted summary judgment dismissal of the terminated employees' damage action. In accord with *Bailey* is *Eldridge, supra,* 417 N.W.2d at 800, wherein this court held that an explicit disclaimer in the employer's personnel handbook "operated to preserve the presumption of at-will employment" and that the employer was not bound, therefore, to follow the handbook's progressive discipline policies.

**2.** Bykonen claims that a 1981 edition of the Personnel Handbook did not include a similar disclaimer. She has offered no evidence or explanation, however, as to why the provisions of this earlier handbook should apply instead of the provisions of the 1984 handbook which was in effect when Bykonen was discharged. *Compare Sadler v. Basin Electric Power Cooperative,*

United's handbook contains express language that the policies summarized therein do not create a contract of employment. It may have been prudent for United to have also included a disclaimer in the policy manual. Nevertheless, its failure to do so does not give rise to a reasonable inference that United intended the policies in the manual to override the presumption of at will employment, because the handbook unambiguously states that the policies are not part of the employees' employment contract.

Bykonen's understanding of her at will status is evident from her deposition testimony:

"Q. You would agree that you could leave your job with United Hospital just by giving them 30–days notice, couldn't you?

"A. Yes.

"Q. And you would agree that they had the same right?

"A. Yes."

Bykonen's failure to offer the entire manual into the record makes it impossible to determine the possible existence of a conflict between the manual and the handbook that might create a factual issue of whether Bykonen's at will status was somehow changed or enhanced by the manual.

In this appeal from a summary judgment dismissing Bykonen's action, we must view the evidence in the light most favorable to her and must give her the benefit of all favorable inferences. *Stensrud, supra,* 368 N.W.2d at 521. Having reviewed the record with that in mind, we conclude that this was an appropriate case for summary judgment dismissal. We agree with the trial court that, as a matter of law, Bykonen is not entitled to the relief she seeks. The summary judgment dismissal is affirmed.

409 N.W.2d 87, 89 (N.D.1987) ("Upon considering the pleadings and evidence in the light most favorable to Sadler, it appears to us that Sadler has raised genuine issues of material fact regarding whether or not subsequent changes in the employee handbooks were intended to apply to existing employees at the time they were issued").

VANDE WALLE, Acting C.J., MESCHKE, J., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.

Justice H.F. GIERKE III, member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States Court of Military Appeals and did not participate in this decision.