Richard NIESENT, Plaintiff and Appellant,

v.

HOMESTAKE MINING COMPANY OF CALIFORNIA, a California corporation, Defendant and Appellee.

Nos. 17933, 18009.

Supreme Court of South Dakota.

Argued Feb. 8, 1993.

Decided Sept. 15, 1993.

Jane Wipf Pfeifle of Lynn, Jackson, Shultz & Lebrun, Rapid City, for appellant.

A.P. Fuller and Brad P. Gordon of Fuller & Tellinghuisen, Lead, for appellee.

TIMM, Circuit Judge.

Richard Niesent (Niesent) was employed as a miner by Homestake Mining Company of California (Homestake). During his new hire probation period he was injured on the job, filed a worker's compensation claim, and was discharged. He commenced an action against his former employer claiming 1) that the discharge violated an employment agreement, or 2) that the discharge was wrongful under the public policy exception to the employment at-will doctrine. Summary judgment was entered in favor of Homestake on each cause of action. We affirm summary judgment on the breach of contract claim, and reverse and remand on the wrongful discharge claim.

## BREACH OF EMPLOYMENT CONTRACT

Niesent, at his new hire briefing, was provided with a copy of a collective bargaining agreement between Homestake and the United Steelworkers of America. The agreement established a sixty-day period of probation for new employees and declared that a probationary employee may be "discharged at the discretion of the company."

Contemporaneously, Niesent received Standard Practice and Procedure No. 63, a progressive discipline policy promulgated by Homestake. The policy applied to "all exempt, non-exempt, and hourly employees." It specified prohibited conduct and mandated progressive discipline.

Niesent contends that the progressive discipline policy is an implied contract of employment. He asserts that the policy modified the collective bargaining agreement, al-

tering a probationary employee's status from terminable-at-will to terminable. for cause only. This Court disagrees.

It is true that an employer and employee may enter into an employment contract separate from a collective bargaining agreement. *J.I. Case Co. v. NLRB*, 321 U.S. 332, 339, 64 S.Ct. 576, 581, 88 L.Ed. 762 (1944). It is also true that in this jurisdiction a "for cause only" agreement will be implied where an employment handbook or policy contains a detailed list of exclusive grounds for employee discipline or discharge and a mandatory and specific procedure which the employer agrees to follow prior to an employee's termination. *Butterfield v. Citibank of South Dakota*, 437 N.W.2d 857 (S.D.1989); *Osterkamp v. Alkota Mfg., Inc.*, 332 N.W.2d 275 (S.D.1983); *Cutter v. Lincoln Nat. Life Ins. Co.*, 794 F.2d 352 (8th Cir.1986). However, terms of an individual contract in conflict or inconsistent with those of a collective bargaining agreement yield to the latter. *J.I. Case Co. v. NLRB, supra; Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944); *DeLapp v. Continental Can Co., Inc.*, 868 F.2d 1073 (9th Cir.1989). *See also Dirks v. Sioux Valley Empire Electric Assn.*, 450 N.W.2d 426 (S.D.1990); *Cohen v. Temple University of Com., etc.*, 299 Pa.Super. 124, 445 A.2d 179 (1982).

The foregoing rule renders the "for cause only" language of the progressive discipline policy powerless to modify the "at will" provisions of the collective bargaining agreement; the two are diametrically opposed. The collective bargaining agreement is thus determinative of Niesent's employment status at the time of discharge, i.e. a probationary employee terminable at the discretion of Homestake. Because there is no genuine issue of material fact and Niesent's contract action is not sustainable as a matter of law, the circuit court's grant of summary judgment must be affirmed. *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968); *Gross v. Gross*, 491 N.W.2d 751 (S.D.1992).

## WRONGFUL DISCHARGE

■ This Court acknowledged a public policy exception to the employment at-will doctrine in *Johnson v. Kreiser's, Inc.*, 433 N.W.2d 225, 227 (S.D.1988). This Court held that a cause of action for wrongful discharge arises on behalf of an employee where an employer's motivation for termination contravenes a clear mandate of public policy. To state a cause of action under this exception, the employee must plead and prove that a substantial public policy may have been violated. *Id.* at 227; *Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 685 P.2d 1081, 1089 (1984). Whether the act complained of violates a clear mandate of a substantial public policy is a question of law. *Brockmeyer v. Dun and Bradstreet*, 113 Wis.2d 561, 335 N.W.2d 834 (1983); *Brown v. Physician's Mutual Ins. Co.*, 679 S.W.2d 836 (Ky.App. 1984). Public policy is found in the letter or purpose of a constitutional or statutory provision or scheme, or in a judicial decision. *Johnson v. Kreiser's* at 227; *State ex rel. Meierhenry v. Spiegel, Inc.*, 277 N.W.2d 298 (S.D.1979); *Bartron v. Codington County*, 68 S.D. 309, 2 N.W.2d 337 (1942); *Thompson v. St. Regis Paper*, 685 P.2d at 1089.

■ Niesent argues that an employee fired for filing a worker's compensation claim has a cause of action for wrongful discharge under the public policy exception to the employment at-will doctrine. Although the court below ruled to the contrary, the majority of courts that have addressed this issue have placed their imprimatur on a cause of action for wrongful discharge. *See Caraway v. Franklin Ferguson Mfg. Co.*, 507 So.2d 925 (Ala.1987); *Douglas v. Wilson*, 160 Ariz. 566, 774 P.2d 1356 (Ariz.App.1989); *Wal-Mart Stores, Inc. v. Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991); *Lathrop v. Entenmann's Inc.*, 770 P.2d 1367 (Colo.App.1989); *Smith v. Piezo Technology and Prof. Admins.*, 427 So.2d 182 (Fla.1983); *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978); *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973); *Springer v. Weeks and Leo Co.*, 429 N.W.2d 558 (Iowa 1988); *Murphy v. City of Topeka–Shawnee County Dept. of Labor Svcs.*, 6 Kan.App.2d 488, 630 P.2d 186 (1981); *Firestone Textile Co. Div. Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730 (Ky.1983); *Roberts v. Citicorp Diners Club, Inc.*, 597 F.Supp. 311 (D.Md.1984); *Goins v. Ford Motor Co.*, 131 Mich.App. 185, 347 N.W.2d 184 (1983); *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984); *Lally v. Copygraphics*, 85 N.J. 668, 428 A.2d 1317 (1981); *Krein v. Marian Manor Nursing*, 415 N.W.2d 793 (N.D.1987); *Brown v. Transcon Lines*, 284 Or. 597, 588 P.2d 1087 (1978); *Clanton v. Cain–Sloan Co.*, 677 S.W.2d 441 (Tenn.1984); *Wilmot v. Kaiser*, 118 Wash.2d 46, 821 P.2d 18 (1991); *Shanholtz v. Monongahela Power Co.*, 165 W.Va. 305, 270 S.E.2d 178 (1980); *Griess v. Consolidated Freightways Corp.*, 776 P.2d 752 (Wyo.1989).

■ At the confluence of these decisions is recognition of the strong public policy at the core of worker's compensation laws and awareness of the serious threat posed to that policy by retaliatory discharge. Writings from the Supreme Courts of Indiana and Illinois are illustrative:

> The Act creates a *duty* in the employer to compensate employees for work-related injuries ... and a *right* in the employee to receive such compensation. But in order for the goals of the Act to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right. Employees will not file claims for justly deserved compensation—opting, instead, to continue their employment without incident. The end result, of course, is that the employer is effectively relieved of his obligation.

*Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425, 427 (1973).

> [T]he legislature enacted the workmen's compensation law as a comprehensive scheme to provide for efficient and expeditious remedies for injured employees. This scheme would be seriously undermined if employers were permitted to

abuse their power, to terminate by threatening to discharge employees for seeking compensation under the Act. We cannot ignore the fact that when faced with such a dilemma many employees, whose common law rights have been supplanted by the Act, would choose to retain their jobs, and then, in effect, would be left without a remedy either common law or statutory. This result, which effectively relieves the employer of the responsibility expressly placed upon him by the legislature, is untenable and is contrary to the public policy as expressed in the Workmen's Compensation Act.

*Kelsay,* 23 Ill.Dec. at 563, 384 N.E.2d at 357.

Neither the purpose of South Dakota's worker's compensation laws or the effect of retaliatory discharge differ here from those recognized in the jurisdictions previously cited. The lawmakers of this state clearly intend that workers injured in the course of employment be compensated without interference. SDCL 62–3–1, 62–3–3, and 62–3–18.* Retaliatory discharge undermines and violates this legislative mandate. Employees injured on the job should not have to forfeit their right to compensation in order to retain their livelihood. Therefore, this Court now joins the majority of jurisdictions in holding that the public policy exception to the at-will doctrine includes a cause of action for wrongful discharge if dismissal is in retaliation for filing a worker's compensation claim. Because there is a question of fact unresolved in this case regarding Homestake's motivation for discharging Niesent, summary judgment is reversed and the case remanded to circuit court.

HENDERSON, and SABERS, JJ., concur.

MILLER, C.J., and WUEST, J., concur in result.

TIMM, Circuit Judge, for AMUNDSON, J., disqualified.

MILLER, Chief Justice (concurring in result).

It is important to reiterate that the cause of action for wrongful discharge today must be founded on SDCL 62–3–18, as the public policy expression of the South Dakota Legislature concerning worker's compensation. After all, it is the legislature's role to set public policy.

The courts of only five states have refused to judicially recognize a cause of action for retaliatory discharge for filing a worker's compensation claim. Mississippi and New Mexico remain the two holdout states. *Kelly v. Mississippi Valley Gas Co.,* 397 So.2d 874 (Miss.1981); *Williams v. Amax Chem. Corp.,* 104 N.M. 293, 720 P.2d 1234 (1986); *Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 635 P.2d 992 (1981). Legislatures in Alabama, South Carolina and North Carolina eventually enacted statutes creating remedies for wrongfully discharged employees. *Meeks v. Opp Cotton Mills,* 459 So.2d 814 (Ala.1984) (superseded by statute 1984); *Dockery v. Lampart Table Co.,* 36 N.C.App. 293, 244 S.E.2d 272 (1978) *cert. denied,* 295 N.C. 465, 246 S.E.2d 215 (1978) (superseded by statute 1979); *Raley v. Darling Shop, Inc.,* 216 S.C. 536, 59 S.E.2d 148 (1950) (superseded by statute 1986).

Arizona has a constitutional provision prohibiting an employer from contracting for the release of liability for an employee's personal injury. Ariz. Const. art. 18, § 3. The majority of states have in place statutory schemes—some of which allow tort claims in addition to remedies available under worker's compensation, some of which provide statutory worker's compensation remedies are exclusive. 2A Arthur Larson, Larson's Workmen's Compensation § 68.36(a) n. 51.2, § 68.-36(b) (1993).

---

* SDCL 62–3–1: As to all cases subject to the provisions of this title, the compensation provided by this title shall be the measure of responsibility which the employer has assumed for injuries to or death of any employee.

SDCL 62–3–3: Every employer and employee shall be presumed to have accepted the provisions of this title, and shall be thereby bound, whether injury or death resulting from such inju-

ry occurs within this state or elsewhere, except as provided by 62–3–4 to 62–3–5.1, inclusive. SDCL 62–3–18: No contract or agreement, express or implied, no rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this title except as herein provided.

The Supreme Courts of Kansas and Tennessee recognized the cause of action judicially despite their respective legislatures' failure to pass statutory remedies. *Murphy v. City of Topeka–Shawnee Co. Dep't of Labor Serv.,* 6 Kan.App.2d 488, 630 P.2d 186 (1981); *Clanton v. Cain–Sloan Co.,* 677 S.W.2d 441 (Tenn.1984). Courts in Iowa, Illinois, Indiana, Kentucky, Michigan, Nevada, New Jersey, North Dakota and Oregon first recognized the cause of action judicially—several now have legislation in place as well. 2A Larson, *supra* at § 68.36(a) n. 51.1. The seminal case in this area is *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1979). In *Frampton,* the Indiana Supreme Court held that an employer's firing of an employee because she filed a worker's compensation claim was a violation of public policy. *Id.,* 297 N.E.2d at 428. The court determined the threat of discharge was a "device" in clear contravention of a statute which set forth Indiana's public policy on worker's compensation. Ind.Code § 22–3–2–15 (1971) provided:

> No contract or agreement, written or implied, no rule, regulation or other device shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by this act.

The Supreme Court of Iowa found a similar statute was a clear expression of Iowa's public policy concerning worker's compensation. *Springer v. Weeks & Leo Co.,* 429 N.W.2d 558 (Iowa 1988). Iowa Code § 85.18 (1987) provided:

> No contract, rule, or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this chapter except as herein provided.

The court then determined that an employer's discharge of an employee for filing a worker's compensation claim would be "tortious interference with a contract for hire" and would violate the above statute. *Id.,* 429 N.W.2d at 560–61; *see also Springer v. Weeks & Leo Co.,* 475 N.W.2d 630, 633 (Iowa 1991) (reference to tortious interference with contract confuses the issue and in the future this claim will be referred to as retaliatory or wrongful discharge).

Similarly, the Supreme Court of North Dakota based its recognition of the tort of retaliatory discharge on its Workmen's Compensation Act, N.D.Cent.Code § 65–01–01 et seq. (1985), which provided in part:

> North Dakota ... declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workmen injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided[.]

The court found North Dakota's public policy was set forth in the statute and, therefore, a worker's "well-being" and "sure and certain relief" would be "illusory" if a worker could be fired for claiming benefits. *Krein v. Marian Manor Nursing Home,* 415 N.W.2d 793, 794 (N.D.1987).

South Dakota has a worker's compensation statute similar to Indiana's and Iowa's. SDCL 62–3–18 provides:

> No contract or agreement, express or implied, no rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this title except as herein provided.

Our recognition of the tort of retaliatory discharge should be based directly on the South Dakota Legislature's stated public policy as set forth in this statute. To leave an employee without a remedy for retaliatory discharge means employment-at-will would "operate to relieve any employer" of his obligation to provide worker's compensation. Therefore, the cause of action for retaliatory discharge is a public policy exception to the doctrine of employment-at-will.

Additionally, in my opinion, the burden of proof is on the employee to prove the dismissal was in retaliation for filing a worker's compensation claim. *See Johnson v. Kreiser's, Inc.,* 433 N.W.2d 225, 227 (S.D.1989); 2A Larson, *supra* at § 68.36(c).

I am authorized to state that Justice WUEST joins in this concurrence in result.