2006 ND 174

**Loretta HUNT, Plaintiff and Appellant**

v.

**BANNER HEALTH SYSTEM,**
a Corporation, Defendant
and Appellee.

**No. 20050402.**

Supreme Court of North Dakota.

July 31, 2006.

Nicholas B. Hall, Hodny Currie Lawyers, Grafton, N.D., for plaintiff and appellant.

Robert G. Manly (argued) and Kari R. Reichert (on brief), Vogel Law Firm, Moorhead, MN, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Loretta Hunt appeals from a district court judgment granting Banner Health System's motion for summary judgment, dismissing Hunt's action for wrongful termination. We reverse and remand, concluding there are issues of material fact as to the parties' intent to create a contract for employment and summary judgment was inappropriate.

I

[¶ 2] Hunt began employment at Wedgewood Manor ("Wedgewood"), a nursing facility in Cavalier, North Dakota, in November 2000. Banner Health System ("Banner") assumed operation and management of Wedgewood in March 2001.

[¶ 3] On June 14, 2001, Banner provided Hunt with a copy of the "West Region Employee Handbook," for which Hunt signed a written acknowledgment of receipt. The third paragraph of the "Welcome" page of the Banner employee handbook states:

> This handbook describes policies and programs in effect at the time it was approved for printing. However, since policies and programs may be added, deleted or revised at any time, this handbook and other local publications can only provide general descriptions or guides and they should not be regarded as a promise to provide specific terms and conditions of employment. *Nothing contained herein shall be construed as a guarantee of continued employment. Banner does not guarantee continued employment to employees and reserves the right to terminate or lay off employees.*

(Emphasis added.) The handbook also contained policies and procedures addressing progressive discipline, including the details of an employee's "conditional period," during which he or she would not be afforded the progressive disciplinary procedure. Also included under "Management Policies" was a paragraph describing the difference between at-will and permanent employees.

[¶ 4] On March 28, 2002, Hunt was disciplined for allegedly handling a resident roughly. Hunt refused to sign the counseling statement describing the incident and told her supervisor, "Screw you." Banner subsequently terminated Hunt's employment. Although Hunt had been disciplined several times during her employment, there is no indication the handbook's progressive disciplinary procedures were followed in processing Hunt's termination.

[¶ 5] Hunt filed suit, alleging wrongful termination and breach of contract. Banner moved for summary judgment, arguing there were no material facts in dispute and, as a matter of law, Hunt's employment was terminable at will. The district court granted Banner's motion, and Hunt appealed.

[¶ 6] On appeal, Hunt argues the district court erred in granting summary judgment because the employee handbook contains conflicting and ambiguous provisions that created an issue of material fact and were inappropriate for disposition via summary judgment. Banner argues Hunt was presumptively at-will and the handbook presented no issues of material fact to defeat that presumption and, in fact, contained an express disclaimer showing its intent not to create a contract for employment.

## II

[¶ 7] Whether the district court properly granted summary judgment is a question of law reviewed de novo on the entire record. *Heart River Partners v. Goetzfried,* 2005 ND 149, ¶ 8, 703 N.W.2d 330. On appeal, this Court determines whether the information available to the district court precluded the existence of a genuine issue of material fact and therefore entitled the moving party to summary judgment as a matter of law. *Id.* "Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim on which they will bear the burden of proof at trial." *Id.* A ruling court must consider the substantive evidentiary standard of proof when ruling on a motion, considering whether the trier of fact would find the plaintiff's case was proven by the required quality and quantity of the evidence. *Id.* at ¶ 9. Generally, whether an employee handbook constitutes a contract is a question of fact. *See Osterman–Levitt v. MedQuest, Inc.,* 513 N.W.2d 70, 72 (N.D. 1994).

[¶ 8] Here, the district court concluded Hunt "was put on clear notice" by the provisions in the welcome page of the Banner handbook, which "explicitly and conspicuously served as a disclaimer that the handbook created no promises related to terms or conditions of employment," and "evidenc[ed] the employer's intent to not alter the at will presumption." Because no additional evidence was presented by either party to establish intent, the district court determined no issues of material fact existed and summary judgment was appropriate. We disagree.

## III

[¶ 9] North Dakota presumes at-will employment: "An employment having no specified term may be terminated at the will of either party on notice to the

other, except when otherwise provided by this title." N.D.C.C. § 34–03–01.

[¶ 10] This Court has had numerous opportunities to apply N.D.C.C. § 34–03–01 and discuss the effect an employee handbook has on the statutory at-will presumption. In *Bailey v. Perkins Rests., Inc.*, this Court explained an employee handbook "must be read and construed in its entirety and all of its provisions taken into consideration so that the true intent of the parties is determined." 398 N.W.2d 120, 121 (N.D.1986). In *Bailey*, an express statement in the handbook that it should not "be construed to form a contract" evidenced the employer's intent to not create a contract, despite a progressive disciplinary procedure also contained therein. *Id.* at 123. This is virtually identical to the reasoning used in *Eldridge v. Evangelical Lutheran Good Samaritan Soc'y*, 417 N.W.2d 797 (N.D.1987).

[¶ 11] Dicta in *Bailey* cited numerous jurisdictions, none of which have a statutory at-will presumption, for their "exception to the presumption of at will employment," explaining that in those jurisdictions "an employer may be contractually bound by promises, express or implied, in employee handbooks with respect to job security and termination procedures." 398 N.W.2d at 122. However, the *Bailey* commentary was not intended to undermine the thrust of our statute. In *Bykonen v. United Hosp.*, 479 N.W.2d 140, 142 (N.D.1992), this Court reiterated the importance of assessing the parties' intent in determining whether a contract existed and not merely searching the handbook for a disclaimer. In *Bykonen*, a disclaimer was included in the employee handbook, but there was no disclaimer in the policy manual which contained the relied-upon provisions. *Id.* This Court stated:

> United's handbook contains express language that the policies summarized therein do not create a contract of employment. It may have been prudent for United to have also included a disclaimer in the policy manual. Nevertheless, its failure to do so does not give rise to a reasonable inference that United intended the policies in the manual to override the presumption of at will employment.

*Id.*

[¶ 12] The presence of a clear, conspicuous, and unambiguous disclaimer may act as an "escape hatch" in an employee handbook, virtually undoing other implied promises made in the handbook. *See Heng v. Rotech Med. Corp.*, 2004 ND 204, 688 N.W.2d 389 (holding employer was not bound by progressive disciplinary procedure in employee manual because an explicit and conspicuous disclaimer preserved presumption of at-will employment); *Jose v. Norwest Bank North Dakota*, 1999 ND 175, 599 N.W.2d 293 (concluding an explicit and conspicuous disclaimer in the manual demonstrated the employer's intent that the manual be used only as a guide). However, such a disclaimer is not a prerequisite to the holding that an employee manual is not a contract.

[¶ 13] Banner asks us to affirm the district court's judgment, arguing the statement within its manual that "[n]othing contained herein shall be construed as a guarantee of continued employment" is a sufficiently clear and conspicuous disclaimer to nullify all other provisions and procedures within the handbook. This is contrary to our decision in *Osterman–Levitt*, 513 N.W.2d at 74, in which summary judgment in favor of the employer was reversed.

[¶ 14] In *Osterman–Levitt*, the employee handbook contained policies implying permanence or structure to the employer-

employee relationship, including a probationary period during which an employee could be terminated without notice, a pension plan program for "permanent" employees, and promotion and re-employment procedures. 513 N.W.2d at 73. In *Osterman–Levitt*, the only evidence of the employer's intent not to create a contract was part of the handbook terminations section, stating, "Employment at the hospital is based upon mutual consent. Either the employee or the hospital may find it necessary to sever the employment relationship" and a statement that management had "the right to determine and change the size composition and/or qualifications of the work force." *Id.* This Court concluded that the statements were ambiguous, creating a question of fact and rendering summary judgment inappropriate, because they could "as easily be construed as consistent with the existence of enforceable contract rights as being inconsistent with their existence." *Id.* at 74.

[¶ 15] As in *Osterman–Levitt*, Banner's argument oversimplifies our summary judgment standard, which requires a determination whether issues of material fact exist. *Heart River Partners*, 2005 ND 149, ¶ 8, 703 N.W.2d 330. In the context of these types of cases, the question of material fact is whether or not an employer's employee handbook or personnel policy constitutes an employment contract that overcomes the at-will presumption. *Dahlberg v. Lutheran Social Services*, 2001 ND 73, ¶ 13, 625 N.W.2d 241. In examining the handbook or policy manual purported to be a contract, the district court must examine the document as a whole to determine the parties' intent. *Id.* Here, the language in Banner's manual simply states it does not guarantee employment. It does not speak to whether the progressive disciplinary procedures will be followed or whether Ban-

ner and its employees are contracting on any other aspect of the employment.

[¶ 16] However, Hunt misconstrues our case law when she argues that preservation of the at-will presumption is only accomplished with bold-faced and highlighted disclaimers containing the magic words "This is not a contract." *See Olson v. Souris River Telecommunications Coop., Inc.*, 1997 ND 10, 558 N.W.2d 333. In *Bailey*, we stated that the presence of a clear and conspicuous disclaimer in a handbook will operate to preserve the presumption of at-will employment. *Bailey*, 398 N.W.2d at 123; *see also Bykonen*, 479 N.W.2d at 142. In *Heng*, we said: "When provisions in the employee policy manual expressly state that it does not create a contract, the employee is put on clear notice that the manual preserves the presumption of employment at will." 2004 ND 204, ¶ 13, 688 N.W.2d 389. This language, however, should not be misunderstood to mean that an employer may only escape having his handbook or policy manual construed to be a contract of employment if it includes a clear and conspicuous disclaimer. If, upon consideration of the document as a whole, the handbook or policy manual does not evidence an intent to contract to overcome the at-will presumption, the absence of a clear and conspicuous disclaimer is not controlling. The presence of a disclaimer acts as a factor in an examination of the intent of the document as a whole. The court still is required to examine the document to determine the intent of the parties. When the disclaimer clearly, conspicuously, and unambiguously preserves the at-will presumption and no other evidence overcomes the at-will presumption, the disclaimer will be controlling.

[¶ 17] Here, we conclude Banner's policies and procedures cannot be read to establish, as a matter of law, that the

parties intended to overcome the statutory at-will presumption. The parties' intent is not made more obvious by reading the so-called "disclaimer." Indeed, what Banner argues is a disclaimer only conveys that the employment is not guaranteed. It does not indicate whether employment is contractual or at-will. Nor does the absence of a clear and conspicuous disclaimer automatically indicate that the policies and procedures constitute a contract. The district court's decision focused almost entirely on the sufficiency of the disclaimer and did not take the broader approach of interpreting the handbook as a whole to determine what the parties intended by the handbook.

## IV

[¶ 18] Summary judgment was improper because the ambiguities in the handbook created a question of material fact whether the handbook was intended by the parties to establish required terms of the employment relationship. We therefore reverse the judgment and remand this case to district court.

[¶ 19] GERALD W. VANDE WALLE, C.J., THOMAS J. SCHNEIDER, D.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 20] The Honorable THOMAS J. SCHNEIDER, D.J., sitting in place of KAPSNER, J., disqualified.